Case 1:22-cr-00020-PGG   Document 358   Filed 11/14/23   Page 1 of 2



# CARDI & EDGAR
LLP

Partners
Dawn M. Cardi
Chad L. Edgar

Associate
Joanna C. Kahan

Senior Counsel
Michelle M. Younger

Of Counsel
Nina Epstein

**MEMO ENDORSED**

November 14, 2023

<u>Via ECF</u>

Honorable Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *United States v. Albert Aronov et al.*, 22 Cr. 20 (PGG)

Dear Judge Gardephe:

> The trial date is adjourned to December 1, 2023, with the expectation that the Defendant will plead guilty at that time. The November 17, 2023 Conference is adjourned *sine die*.
>
> SO ORDERED:
> /s/ Paul G. Gardephe
> Paul G. Gardephe, U.S.D.J.
> Dated: Nov. 15, 2023

   I represent defendant Albert Aronov in the above-referenced action. Mr. Aronov is currently scheduled to commence trial on November 27, 2023. Mr. Aronov wishes to plead guilty to the indictment and avoid the expense and resources that would otherwise be expended in the trial of his matter if the Court were to permit him formally to allocute in plea proceedings no earlier than December 1, 2023 for the reasons outlined below.

   From the beginning of the prosecution against Mr. Aronov, I have been communicating with the government regarding the view that while Mr. Aronov did provide false statements to federal agents when they questioned him regarding car accident information that he sent to a codefendant by using police databases his motives for doing so were not for financial gain. He sent the information to a distant family member who repeatedly badgered him for it. At a weak moment, he relented, provided information that he should not have to a co-defendant using a so-called burner phone that he possessed because of an extra-marital affair that he now regrets. When federal agents showed up at his house to question him about the information that he sent to a codefendant, they questioned him about his actions in the kitchen where his other family members were present, including his wife. He denied committing the prohibited actions in order to avoid having to share with his wife why he possessed a secret cell phone and to avoid generally being shamed in front of his family from having done a wrong. Again, he is well aware that the circumstances that explain his initial falsehood to the agents are not legal defenses but merely motives to explain his actions.

   We have been pressing the point with the government that if Mr. Aronov's actions had remained an internal affair within the Police Department, i.e., misuse of official databases, the likely penalty would have been the loss of pay for a short period of time. Because his actions are connected to a serious health-care fraud the consequences that flow from his actions are the loss of his police pension and the life-long health-care insurance that accompanies it should he be convicted or take a plea before December 1, 2023. This date is significant because Mr. Aronov has already put in for his retirement and it becomes official – and his pension and lifelong health insurance for his family and himself lock in –

Hon. Paul G. Gardephe
United States District Judge
November 14, 2023
p. 2

on December 1, 2023. On the other hand, if he should be convicted or plead guilty before that date then he loses his pension and lifelong health insurance.

The loss of the pension and life-long health insurance would be especially devastating for Mr. Aronov and his family because he and his wife have a special-needs child who requires a lot of support much of which support would involve outsized out-of-pocket costs if he lost the robust health care that the Police Department provides to its retirees. To exacerbate matters, Mr. Aronov's wife has just given birth to their third child and she will not be able to return to work for at least three months. Upon return to work, she will have the ability to obtain health insurance for the family but only after a six-month probation period. Thus, if Mr. Aronov were to lose his pension and life-long health insurance, his family would be without health insurance for at least six months. That is a challenging situation to say the least for a family that has a special needs child, a newborn, an out-of-work mother and a father who has no clear prospects to replace the income that he loses by the loss of his pension.

There are other mitigating circumstances that warrant consideration as the Court ponders Mr. Aronov's application to defer his plea allocution to December 1, 2023 or a subsequent date. Up to the moment when he misused the police database, Mr. Aronov was considered an excellent employee by the New York City Police. He was quickly promoted within its ranks and had an unblemished record: there are no indications that he misused his duties or responsibilities. He certainly was never accused of beating a suspect. Currently and for many years, Mr. Aronov takes care of his mother who has early onset dementia (she is currently in her mid-sixties), kidney failure (and a recent transplant) and other mental-health issues that require multiple check-ins by phone and in person by Mr. Aronov. She would be bereft of essential assistance if he were unable to assist in her care both financially and otherwise.

Should Mr. Aronov be permitted to plead guilty to the indictment on December 1, 2023 or a date thereafter, then he is likely to retain his pension and post-employment health insurance. Both are key to his family being able to sustain an existence that secures them from financial collapse and the loss of safety nets that ensure the basic welfare of a special-needs son, a newborn, Mr. Aronov's wife who is currently recuperating from emergency surgery due to the birth of the newborn, and his mother who suffers from early onset dementia. Should the Court not grant Mr. Aronov's application to plead guilty at a date no earlier than December 1, 2023, then he will have no choice but to proceed to trial, although that is not his wish or preference but he feels he must do so to protect the interests of his family.

We have discussed this application with the government. They relate that they take no position on the request to schedule a guilty plea for on or around December 1, 2023. They also relate that they disagree with certain factual assertions in this letter and will in short order file a brief letter response.

We thank the Court in advance for its consideration of these matters.

                                      Respectfully submitted,
                                      /s/
                                      Dawn M. Cardi

cc:     Matthew Andrews, AUSA (via ECF)
          Timothy Capozzi, AUSA (via ECF)
          Ryan Allison, AUSA (via ECF)